(128 App. Div. 12.)

GARDNER v. SCHENECTADY RY. CO.

(Supreme Court, Appellate Division, Third Department.   September 17, 1908.)

1. MASTER AND SERVANT — ELECTRICITY — DEATH OF EMPLOYÉ — EVIDENCE OF
OTHER DEFECTS—ADMISSIBILITY.
   In an action agains an electric company for the death of an employé
killed by electricity while trimming a lamp which had an alleged de-
fective hood, evidence that other hoods on the company's line were de-
fective was improperly received.

2. SAME.
   In an action against an employer for the death of an employé claimed
to have been caused by electricity passing through a rubber glove fur-
nished him, it was improper to submit to the jury the question of the
employer's negligence in furnishing improper gloves, where the employé
had the better opportunity to ascertain whether the gloves were defective.

3. SAME—EVIDENCE—SUFFICIENCY.
   Verdict for plaintiff in an action against an electric company for the
death of an employé alleged to have resulted from the company's negli-
gence in maintaining a defective electric lamp, and in furnishing decedent
defective gloves, *held* against the weight of the evidence.

4. SAME—EMPLOYER'S FAILURE TO REPORT DEFECT—EFFECT.
   As to an employé, an employer is not chargeable with notice of a de-
fect which it is the employé's duty to report, but which he fails to do.

Appeal from Trial Term, Schenectady County.

Action by Bridget A. Gardner, administratrix of Joseph P. Gardner,
deceased, against the Schenectady Railway Company.   From a judg-
ment for plaintiff, from an order denying a new trial, and from an or-
der granting an extra allowance on the verdict, defendant appeals.
Reversed and new trial granted.

Decedent was killed while employed as defendant's electric street
lamp trimmer, apparently by a current of electricity passing through a
hole of the right-hand thumb of the rubber glove he wore.   Plaintiff
claims that the lamp and hook and appliances connecting therewith
were defective, etc., and that the  glove furnished was defective.

See 113 App. Div. 133, 98 N. Y. Supp. 1034.

Daniel Naylon, Jr., for appellant.

Edgar T. Brackett, for respondent.

Argued before SMITH, P. J., and CHESTER, KELLOGG,
COCHRANE, and SEWELL, JJ.

PER CURIAM.   This judgment should be reversed for the admis-
sion over the defendant's objection of the evidence of the witness
Ripley to the effect that other hoods upon the defendant's line were
defective.

The court improperly submitted to the jury the question of defend-
ant's negligence in furnishing improper gloves, inasmuch as the de-
ceased had the better opportunity of ascertaining whether the gloves
were defective.

Judgment should also be reversed as against the weight of evidence.
Defendant has been charged with negligence in the killing of plaintiff's
intestate, where the manner of the killing is at the best speculative.

The verdict has been reached upon the testimony of a brother-in-law, whose evidence is not sufficiently credible to sustain a verdict in view of the testimony which he gave upon the former trial. The report of the deceased upon the morning of the accident, failing to disclose any defect the night before in the lamp at which he was killed, either negatives the evidence that the lamp was not burning the night before, or shows negligence on the part of the deceased in failing to discover the defective lamp. The company should not be charged with notice of a defect which it was the duty of the deceased to report, and which he failed to report. Moreover, it has not been proven that the failure of the light to burn the night before was due to any defect which caused the decedent's death upon the following night.

Judgment and order reversed and a new trial granted, with costs to appellant to abide the event.